NOT FOR PUBLICATION OR CITATION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON

Eastern District of Kentucky
FILED

FEB 27 2006

AT LEXINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

CIVIL ACTION NO. 05-CV-447-JMH

WADE RICE                                                                PETITIONER

VS:            **MEMORANDUM OPINION AND ORDER**

(WARDEN) JOE BOOKER                                                      RESPONDENT

Petitioner, Wade Rice, who is confined at the Federal Medical Center in Lexington, Kentucky ("FMC-Lexington"), has submitted a *pro se* petition for writ of habeas corpus under 28 U.S.C. §2241 [Record No. 1]. He has paid the $5.00 filing fee [Record No. 4].

This matter is now before the Court for screening. 28 U.S.C. §2243; *Demjanjuk v. Petrovsky*, 612 F. Supp. 571 (N.D. Ohio 1985) (citing *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970), *cert. denied*, 400 U.S. 906 (1970); *accord Aubut v. State of Maine*, 431 F.2d 688, 689 (1st Cir. 1970)).

This is a *pro se* petition and, as such, it is held to less stringent standards than those drafted by attorneys. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The allegations in a *pro se* petition must be taken as true and construed in favor of the petitioner. *See Malone v. Colyer*, 710 F.2d 258, 260 (6th Cir. 1983). However, 28 U.S.C. §1915(e)(2) affords a court the authority to dismiss a case at any time if the court determines the action: (i) is frivolous or malicious, or (ii) fails to state a claim upon which relief can be granted.

CLAIMS

The petitioner claims that the Bureau of Prisons ("BOP") has refused to credit his federal sentence with 160 days of time which he spent in the Clay County jail "while awaiting transportation

from federal charges." [Petition, p. 2] He cites 18 U.S.C. §3585 as authority for his claim.[1] The claim falls under the Fifth Amendment of the United States Constitution which guarantees due process of law.

## NAMED RESPONDENT

The petitioner has named Joe Booker, the former warden of FMC-Lexington, as the respondent in this proceeding.

## RELIEF REQUESTED

The petitioner seeks an order directing the BOP to award him with 160 days of credit on his federal sentence.

## DISCUSSION

The petition must be dismissed without prejudice, because the petitioner has failed to demonstrate that he exhausted all of the necessary steps in the Bureau of Prisons ("BOP") administrative process with regard to his constitutional claim.

Prisoners who seek relief under 28 U.S.C. §2241 are required to exhaust judicially created administrative remedies before filing a habeas action in district court. *Little v. Hopkins*, 638 F.2d 953, 953-954 (6th Cir.1981) (per curiam); *United States v. Cobleigh*, 75 F.3d 242, 251 (6th Cir.1996)); *Sesi v. United States Bureau of Prisons*, 238 F.3d 423, 2000 WL 1827950 (6th

---

[1] 18 U.S.C. §3585 (b), "*Calculation of a term of Imprisonment*," reads in relevant part as follows:

(b) Credit for prior custody.--A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences–

  (1) as a result of the offense for which the sentence was imposed; or
  (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;

*that has not been credited against another sentence.*

18 U.S.C. §3585(b) (emphasis added).

2

Cir.(Mich.) December 7, 2000) (Table) (Unpublished Deposition) (a federal prisoner must first exhaust his available administrative remedies before filing a §2241 petition); *United States v. Oglesby*, 52 Fed. Appx. 712, 714, 2002 WL 31770320 *2 (6th Cir.2002) (citing *United States v. Wilson*, 503 U.S. 329, 335 (1992)).

The administrative remedies for federal prisoners bringing a 28 U.S.C. §2241 petition are set forth in 28 C. F.R. §§542.10-16 (1997). Section 542.13(a) demands that an inmate first informally present his complaint to the staff [BP-8 form], thereby providing them with an opportunity to correct the problem, before filing a request for an administrative remedy. If the inmate cannot informally resolve his complaint, then he may file a formal written request to the Warden [BP-9]. *See* §542.14(a). If the inmate is not satisfied with the Warden's response, he may appeal to the Regional Director [BP-10], and, if not satisfied with the Regional Director's response, the inmate may appeal that decision to the Office of General Counsel [BP-11]. *See* §542.15.

The administrative procedure includes established response times. §542.18. As soon as an appeal is accepted and filed, the Warden has 20 days to respond; the Regional Director, 30 days; and General Counsel, 40 days. Only one extension of time of 20-30 days, in writing, is permitted the agency. If the inmate does not receive a response within the allotted time, including extension, he may consider the absence of response as a denial at that level. *Id.*

For any issue the plaintiff intends to raise, he must demonstrate exhaustion, or his attempts at exhaustion, before he can be considered to have substantially complied with the law. *See Wyatt v. Leonard*, 193 F.3d 876 (6th Cir. 1999). In the instant proceeding, the petitioner alleges only that he presented a claim to Ms. Richardson, the Inmate System Manager. He states that Richardson told him that only a judge can credit a federal sentence. The petitioner does not indicate that he filed a BP-9 appeal with the Warden, a BP-10 appeal with the BOP's Mid-Atlantic Regional Office, or a

BP-11 with the BOP's Central Office as required by the regulatory scheme. Whether or not the petitioner's reliance on Richardson's alleged statements is irrelevant, the petitioner must present his claims through BOP's administrative scheme as discussed above.

Accordingly, the petition will be dismissed without prejudice to the petitioner exhausting his claims through the BOP's administrative scheme.

## CONCLUSION

Accordingly, **IT IS ORDERED** as follows:

(1) This action will be **DISMISSED WITHOUT PREJUDICE**, *sua sponte,* from the docket of the Court.

(2) Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the Respondent.

This the 27th day of February, 2006.

JOSEPH M. HOOD, CHIEF JUDGE

Date of Entry and Service: